IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 7, 2005

## FREDDIE OSBORNE v. COLLIER GOODLETT

**Appeal from the Circuit Court for Montgomery County**
**No. 50300954      Ross Hicks, Judge**

---

**No. M2003-03118-COA-R3-CV - Filed July 22, 2005**

---

This is a legal malpractice action in which Plaintiff, incarcerated at Turney Center Industrial Prison, appeals the dismissal by the trial court of his action against his court-appointed assistant public defender. Holding the defendant immune from suit under Tennessee Code Annotated section 8-14-209, the trial court dismissed the Complaint. We affirm the action of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.

Freddie Osborne, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; P. Robin Dixon, Jr., Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION[1]

According to the allegations of the Complaint, which must be accepted as true when considering a Motion to Dismiss, *see* Tenn. R. Civ. P. 12; the plaintiff Osborne was a defendant in State of Tennessee v. Freddie Osborne, case number 39059 in the Circuit Court of Montgomery County, Tennessee, charged with two counts of the sales of a controlled substance and two counts

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

of the delivery of a controlled substance. The defendant was an assistant public defender and was appointed by the court to represent Plaintiff. Plaintiff was convicted of the charged offenses on July 30, 1998, and filed this suit in the Circuit Court of Montgomery County charging the defendant with ineffective assistance of counsel in failing to interview a co-defendant and subpoena him for trial, in preventing Osborne from testifying in his own defense, and in failing generally to adequately represent him in the criminal trial.

Goodlett filed a Motion to Dismiss on the grounds that Goodlett was immune from suit under the terms of Tennessee Code Annotated section 8-14-209. This statute provides:

> **8-14-209. Immunity of state and personnel of public defender's office.** — No court in this state has any power, jurisdiction or authority to entertain any suit against the state or against any public defender or any employees thereof acting in their official capacity with a view to reach the state, its treasury, funds or property, or the funds or property of any public defender or its employees for any act of negligence arising from the execution of the employee's official duties as an employee of the district public defenders conference; provided, that this shall not be construed to bar any suit against the state or an official of the state alleging any ground or seeking any relief which could be sought under a writ of habeas corpus or petition for post-conviction relief.

Assistant Public Defender Goodlett was acting at all times material in this case in his official capacity and is immune from such a legal malpractice action. *Darnell v. Stack*, 1992 WL 205251 (Tenn.Ct.App.1992); *Luster v. Smoot*, 2002 WL 826927 (Tenn.Ct.App.2002); *Brumit v. Perkins*, 1997 WL 764475 (Tenn.Ct.App.1997).

Defendant is further immune from suit under the provisions of Tennessee Code Annotated section 9-8-307(h) which provides:

> State officers and employees are absolutely immune from liability for acts or omissions within the scope of the officer's or employee's office or employment, except for willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain. For purposes of this chapter, 'state officer' or 'state employee' has the meaning set forth in §8-42-101(3).

Tennessee Code Annotated section 8-14-208 provides that "The personnel of the public defender system shall be state employees."

The dismissal was appropriate. The judgment of the trial court is affirmed with costs assessed to the appellant, Freddie Osborne.

_____
WILLIAM B. CAIN, JUDGE